## Andrews Land Company, to use, v. Carlton

*Bryan & Evans,* for plaintiff.

*Steven Jones,* for defendant.

KITTS, J., October 9, 1936.—This matter is before the court on a motion to quash an attachment execution levied by plaintiff against certain disability benefits amounting to $150 per month, due defendant Carlton from the Penn Mutual Life Insurance Company, garnishee.

Defendant seeks to invalidate the attachment execution on the ground that the Act of May 3, 1917, P. L. 112, exempts from execution the disability payments due under the policies. The Act of 1917, upon which defendant relies, provides:

"Be it enacted, &c., That any policy or contract of insurance, or annuity, hereafter taken out, or issued by any insurance company, domestic or foreign, lawfully doing business in this Commonwealth, to any solvent citizen thereof, whereof the said insured or purchaser of said annuity shall be the beneficiary or annuitant, not exceeding in income or return therefrom one hundred dollars ($100) per month, shall be exempt and free and clear from the claims of all his or her creditors, and from all legal and judicial processes of execution, attachment, or otherwise, whatsoever."

In passing on the question before us we must be guided by the language of the act. The exemption stated refers to ". . . any policy or contract of insurance, or annuity". No mention is made of disability payments nor the proceeds of disability insurance contracts. In determining the effect to be given the act it is proper to consider the language of its title: Purdon's Constitution Ann., page 219, note 26. The title indicates rather clearly that the exemption extends only to ". . . the proceeds of certain *life insurance and annuity contracts*". (Italics ours).

We are dealing with a statute which is in derogation of the common law and as such must be strictly construed. The early law provided no exemption from execution. Later by statute certain specific exemptions were granted

debtors. In general every species of property is liable for payment of debts; the exception applies only to those items of property which are designated by statute as exempt from execution. Expressio unius est exclusio alterius has been a sound legal maxim in dealing with such statutes.

We are therefore of the opinion that the Act of 1917 does not extend its exemption protection to the disability benefits or payments involved in this proceeding.

We have been urged to consider the provisions of the Act of May 4, 1933, P. L. 276, which exempts from the date of its enactment the proceeds of disability insurance from the claims of creditors. We are of the opinion that defendant, Carlton, cannot avail himself of the protection of the Act of 1933, for the reason that the rights of the parties became vested prior to the passage of this act.

In passing, we might add that the provisions of the Act of 1933 lend additional support to the conclusion reached in this case. The intention of the legislature, as expressed in the Act of 1933, would indicate that the Act of 1917 was not intended to exempt disability payments.

Under the view that we take of this case it is not necessary for us to pass upon Carlton's solvency at the time he purchased the contracts or policies under which disability payments are due.

And now, to wit, October 9, 1936, it is hereby ordered that the motion to quash the attachment execution be and the same is hereby discharged.